

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF APPLE RECORDS ASSOCIATED WITH EMAIL ACCOUNT MICHAEL.YANGKAI@GMAIL.COM | Criminal No. 1:17-sw-399 <br> **UNDER SEAL** |

# UNITED STATES' MOTION TO SEAL SEARCH WARRANT PURSUANT TO LOCAL RULE 49(B)

Upon the return of its executed search warrant,[1] the United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, now asks for an Order to Seal the search warrant, application for the search warrant and the affidavit in support of the search warrant, together with this Motion to Seal and proposed Order, until the United States makes a motion to unseal, with the exception that the agents will provide a copy of the search warrant and Attachments at the time that the search is executed.

## I. Reasons for Sealing (*See* Local Rule 49(B)(1))

1. At the present time, law enforcement officers of the Federal Bureau of Investigation are conducting an investigation related to violations of 18 U.S.C. §§ 371 (Conspiracy), 793 (Gathering and Transmitting Defense Information), 794 (Gathering or Delivering Defense Information to Aid a Foreign Government), 951 (Agents of Foreign

---

[1] Pursuant to Local Rule 49(B), "[n]o separate motion to seal is necessary to seal a search warrant *from the time of issuance to the time the executed warrant is returned.*" (Emphasis added.) This is because, as Rule 49(B) additionally mandates, "[u]ntil an executed search warrant is returned, search warrants and related papers are not filed with the Clerk."

Governments), and 1956 (Money Laundering).

2. Premature disclosure of the specific and sensitive details of this ongoing investigation would jeopardize this ongoing criminal investigation, including by giving the targets an opportunity to flee prosecution, destroy or tamper with evidence and witnesses, change patterns of behavior, and notify confederates, if any. At present, the FBI is working to investigate individuals with whom Kevin Patrick Mallory may have conspired. Any information which could reveal that those individuals are under investigation would seriously jeopardize the investigation. In addition, given the nature of the crimes under investigation and the status of the investigation, the specific details of the evidence included in the affidavit necessarily contain sensitive law enforcement information about an ongoing and proactive investigation. If such information were made public at this time, it would jeopardize the ongoing investigation by alerting the persons suspected of engaging in criminal conduct of information known to law enforcement. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3. The United States has considered alternatives less drastic than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to protect this investigation.

## II. The Governing Law (*See* Local Rule 49(B)(2))

4. It is generally recognized that the public has a common law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings such as search warrant affidavits. Media General Operations, Inc. v. Buchanan, 417 F.3d 424, 429 (4th Cir. 2005); In re Washington Post Company v. Hughes, 923 F.2d 324, 326 (4th Cir. 1991). "But the right of access is qualified, and a judicial officer may deny access to search warrant documents if sealing is 'essential to

preserve higher values' and 'narrowly tailored to serve that interest.'" Media General Operations, 417 F.3d at 429 (citations omitted); see also In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984) ("[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests"). Sealing search warrants and their accompanying affidavits and application is within the discretionary powers of a judicial officer where, among other things, an "'affidavit contain[s] sensitive details of an ongoing investigation' and it is 'clear and apparent from the affidavits that any disclosure of the information there would hamper' th[e] ongoing investigation." Media General Operations 417 F.3d at 430 (citations omitted); see also In re Search Warrant for Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996).

5. Before a district court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

6. However, regarding the notice requirement in the specific context of a search warrant, the Fourth Circuit has cautioned that "the opportunity to object" cannot "arise prior to the entry of a sealing order when a search warrant has not been executed." Media General Operations, 417 F.3d at 429. "A rule to the contrary would endanger the lives of officers and agents and allow the subjects of the investigation to destroy or remove evidence before the execution of the search warrant." Id.; see also Franks v. Delaware, 438 U.S. 154, 169 (1978). Accordingly, in the context of search warrants, "the notice requirement is

fulfilled by docketing 'the order sealing the documents,' which gives interested parties the opportunity to object after the execution of the search warrants." Media General Operations, 417 F.3d at 430 (quoting Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65 (4th Cir. 1989)); see also Local Rule 49(B) ("Until an executed search warrant is returned, search warrants and related papers are not filed with the Clerk.").

7. As to the requirement of a court's consideration of alternatives, the Fourth Circuit counsels that, "[i]f a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents,' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject to the government's motion to seal." Media General Operations, 417 F.3d at 429 (quoting Goetz, 886 F.2d at 66).

8. Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that, "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" Media General Operations, 417 F.3d at 429 (quoting Goetz, 886 F.2d at 65), so long as the ultimate "decision to seal the papers " is "made by the judicial officer," Goetz, 886 F.2d at 65. "Moreover, if appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." Goetz, 886 F.2d at 65; see also In re Washington Post Co., 807 F.2d 383, 391 (4th Cir. 1986) ("if the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal").

III. **Period of Time the United States Seeks to Have Matter Remain Under Seal** (*See* Local Rule 49(B)(3))

9. Pursuant to Local Rule 49(B)(3), the search warrant materials will remain sealed until the need to maintain the confidentiality of these materials and the related investigation expires, after which time the United States will move to unseal the materials.

10. Notwithstanding this motion to seal, the United States requests authorization to provide copies as necessary to execute the application.

WHEREFORE, the United States respectfully requests that the search warrant, application for search warrant, affidavit in support of the search warrant, and this Motion to Seal and proposed Order, be sealed until further Order of the Court.

Date: July 6, 2017

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
John T. Gibbs.
Assistant United States Attorney